UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

KHALIDA KHAKIMOVA and IDAR NORULLIN,

Plaintiffs,

— against —

ACME MARKETS, INC., ALBERTSONS COMPANIES, INC., and JOHN DOE MAINTENANCE (A fictitious name intended to identify a maintenance company, whose true name is unknown at this time),

Defendants.

20–CV–02734 (ARR) (PK)

NOT FOR PRINT OR ELECTRONIC PUBLICATION

**OPINION & ORDER**

ROSS, United States District Judge:

Plaintiffs, Khalida Khakimova and Ildar Norullin[1], move to remand this case to New York State Supreme Court, Kings County, on the grounds that defendants' notice of removal was untimely. They also move for attorney's fees for the work expended litigating the remand motion. For the reasons discussed below, I grant plaintiffs' motion to remand and deny their motion for attorney's fees.

## BACKGROUND

Plaintiffs, Khalida Khakimova and Ildar Norullin, are residents of New York. Compl. ¶ 1, Notice of Removal, Ex. A ("Compl"), ECF No. 1-2. On May 16, 2017, Plaintiff Khakimova allegedly slipped and fell in a store located at 953 NJ-33 in Trenton, New Jersey (the "Premises"). *Id.* ¶ 33–35.

---

[1] Plaintiff Norullin's first name is spelled "Idar" in the docket and "Ildar" in plaintiffs' materials. I will use the spelling from plaintiffs' materials for the remainder of this opinion.

1

On May 14, 2019, plaintiffs filed a state court complaint alleging that Khakimova's slip and fall, and her consequent injuries, were caused by the negligence of the companies that owned, operated, and maintained the Premises. *Id.* ¶ 36. The complaint also includes a cause of action brought by Khakimova's husband, Norullin, alleging that defendants' negligence caused him to lose the society, services, and consortium of his wife. *Id*. ¶ 42.

Defendant Acme Market, Inc. is a corporation organized under the laws of the State of Delaware and with its principal place of business located in Boise, Idaho. Notice of Removal ¶ 1, ECF No. 1. Plaintiffs also sued Acme Market, Inc.'s parent company,[2] which is organized under the laws of the State of Idaho and with its principle place of business located in Boise, Idaho. Letter to *show cause concerning subject matter jurisdiction* by Acme Markets, Inc., ECF No. 7. Plaintiffs also named defendant John Doe Maintenance Company as a party, using a fictitious name to represent the possible existence of a maintenance company whose identity was unknown to them at the time. Compl. Defendants' counsel informed plaintiffs of the identity of the maintenance company, Cleaning Service Group, on June 3, 2019. Resp. in Opp'n re: First Mot. to Remand to State Court ("Defs.' Opp'n"), Ex. A, ECF No. 10-1. Cleaning Service Group has no ties to New York. *Id.* ¶ 7, ECF No. 10.

In compliance with New York State pleading requirements, plaintiffs did not provide an *ad damnum* amount of damages in the initial complaint and instead included a blanket statement that the amount of damages exceeds the jurisdictional limits of all lower courts. Compl. ¶ 39; *see* CPLR 3017(c). Over the course of the year following the commencement of the action, on August 27, 2019 and January 7, 2020, respectively, defendants' counsel sent two unanswered e-

---

[2] Defendants assert that plaintiffs have incorrectly named the parent company Albertsons Companies, Inc., and identify the parent company's correct name as New Albertsons's, Inc. Letter to *show cause concerning subject matter jurisdiction* by Acme Markets, Inc., ECF No. 7.

mails to plaintiffs' counsel requesting a settlement demand. Defs.' Opp'n, Exs. B–D, ECF Nos. 10-2, 10-4. Defendants also filed a demand for supplemental damages on August 26, 2019, *id.*, Ex. C, ECF No. 10-3, and a motion to compel discovery responses on December 2, 2019, *id*. ¶ 9. Plaintiffs did not include supplemental damages in their response. *Id.*

On December 31, 2019, plaintiffs submitted a verified Bill of Particulars alleging at least $50,000 in economic damages, in addition to an unspecified amount of damages stemming from Khakimova's physical injuries, pain and suffering, and mental anguish. First Mot. to Remand to State Court ("Pls.' Mot. to Remand"), Ex. A, ECF No. 8-2. Plaintiffs' counsel also alleges that he verbally communicated a settlement demand of $175,000 to defendants' counsel on March 17, 2020. Pls.' Mot. to Remand, ECF No. 8-1, at 4. Defendants' counsel remembers having a conversation around that time but has "no specific recollection" of a settlement demand being made. Def.'s Opp'n ¶ 10.  On June 3, 2020—more than a year after the commencement of the action—defendants again requested a written settlement demand, and plaintiffs responded with a written demand for $175,000. Pl.'s Mot. to Remand, Ex. B, ECF No. 8-3. Defendants filed a notice of removal on June 19, 2020.

On July 8, 2020, plaintiffs moved to remand this case to state court on the grounds that defendants' notice of removal, which was filed more than one year after the commencement of the action, was untimely. Pls.' Mot. to Remand, ECF No. 8.

## DISCUSSION

### I.     Remand

A defendant may remove a state court action if the federal court has original jurisdiction over that action. 28 U.S.C. § 1441. Here, defendants removed the case on the basis of diversity jurisdiction, which requires that the amount in controversy exceed $75,000 and that the parties

3

are citizens of different states. 28 U.S.C. § 1332(a)(1). Plaintiffs do not contest that defendants have established diversity jurisdiction. The only question raised is whether defendants' notice of removal was untimely. Defendants bear the burden of establishing that their removal of the action is proper. *Wade v. Burns*, 803 Fed. App'x. 433, 435–36 (2d Cir. 2020) (citing *United Food & Com. Workers Union, Local 919 v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994)).

Pursuant to 28 U.S.C. § 1446(b)(1), a defendant has thirty days to remove a case to federal court after the complaint is filed. In cases where the initial pleading did not state a removable case, the thirty-day clock does not start ticking until the plaintiff files a document "from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3).

However, this thirty-day clock is bound by the requirement that a removal based on diversity jurisdiction must be made within one year after the commencement of the action. *Id.* § 1446(c)(1). The only exception to the one-year limit is in cases where the district court finds that the plaintiff has acted in bad faith in order to prevent the defendant from removing the action. *Id.* Under Section 1446(c)(3)(B), a finding that the plaintiff deliberately failed to disclose the actual amount in controversy in order to prevent removal must be deemed bad faith.

The bad-faith exception to the one-year rule is a narrow one. Congress intended the exception to be "limited in scope." *Nocelli v. Kaiser Gypsum Co.*, No. 19–CV–1980 (RA), 2020 WL 230890, at *4 (S.D.N.Y. Jan. 15, 2020) (quoting H.R. Rep. No. 112-10 at 15). District courts must "construe the removal statute narrowly, resolving any doubts against removability," *Somlyo v. J. Lu-Rob Enters.*, 932 F.2d 1043, 1046 (2d Cir. 1991) *superseded on other grounds by rule as recognized in Contino v. United States*, 535 F.3d 124, 126 (2d Cir. 2008), and the

4

defendant bears the burden of proving plaintiff's bad faith by clear and convincing evidence, *Marin v. Sephora USA, Inc.*, No. 20–CV–3520 (CM), 2020 WL 3999711, at *7 (S.D.N.Y. July 15, 2020) (quoting *Ehrenheich v. Black*, 994 F. Supp. 2d 284, 290 (E.D.N.Y. 2014)).

District courts have found bad faith in cases where the plaintiff has engaged in "strategic gamesmanship" to prevent removal. *Nocelli*, 2020 WL 230890, at *5 (quoting *Ehrenreich*, 994 F. Supp. 2d at 288). In assessing whether a plaintiff has engaged in strategic gamesmanship, courts have looked to the timing and nature of the plaintiff's actions. *Martinez v. Yordy*, No. 16–CV–5 (BMC), 2016 WL 8711443 (E.D.N.Y. Feb. 19, 2016); *see In re Rezulin Prods. Liab. Litig.*, No. 00–CV–2843 (LAK), 2003 WL 21355201 (S.D.N.Y. June 4, 2003) (finding bad faith where plaintiff dismissed the non-diverse party five days after the one-year deadline).

Defendants argue that plaintiffs acted in bad faith by refusing to respond to defendants' e-mails and motions, thereby intentionally concealing their written demand for damages. Defs.' Opp'n ¶ 17. However, plaintiffs' unresponsiveness does not, alone, constitute bad faith. Even when the delay in removal can be "traced to plaintiff's actions, courts have declined to excuse an untimely removal where plaintiff's actions did not evince a specific desire to prevent removal." *Cruz v. Stop & Shop Supermarket Co.*, No. 19–CV–11565 (RA), 2020 WL 3430193, at *4 (S.D.N.Y. June 23, 2020) (quoting *Purple Eagle Entm't Inc. v. Bray*, No. 18–CV–3767 (GBD) (HBP), 2018 WL 7968909, at *2 (S.D.N.Y. Dec. 6, 2018), *report and recommendation adopted*).

Whether or not the plaintiff has provided an explanation for its unresponsiveness will influence the bad faith determination. *See Marin*, 2020 WL 3999711, at *7 (finding that defendant had not established bad faith because the plaintiff attributed her unresponsiveness to her lawyer's incompetence and negligence, and distinguishing the case from *Ford-Smith v. HMS Host Corp.*, No. 19–CV–0947 (GTS) (ML), 2020 WL 1242394 (N.D.N.Y. Mar. 16, 2020), in

5

which the plaintiff failed to provide an explanation). This is true even if the plaintiff's explanation is not "particularly compelling." *Id.*

Here, plaintiffs provided an explanation for their delay, which they attributed to "the reality of an overworked paralegal in a solo practitioner's office." Reply in Supp. of Remand Mot. ¶ 7 ("Pls.' Reply"), ECF No. 11. Without any indicators of a specific desire to prevent removal, I cannot reasonably find that plaintiffs' unresponsiveness was due to bad faith rather than negligence.

Furthermore, although plaintiffs did not respond to defendants' requests for a written demand for damages until after the one-year deadline had passed, they did provide a Verified Bill of Particulars on December 31, 2019. Pls.' Mot. to Remand, Ex. A. Plaintiffs argue that the Bill of Particulars clearly establishes that the amount in controversy is well above $75,000, and that defendants therefore had ample opportunity to remove the case prior to the one-year deadline. Pls. Reply ¶ 3. Defendants do not address this argument in their response. Instead, asserting that all they knew, based on the initial complaint, is that the damages exceeded $25,000, they argue that the thirty-day removal deadline does not require defendants to conduct "an extensive investigation to determine the truth" of the amount in controversy. Defs.' Opp'n ¶ 15–16 (citing *DeBry v. Transamerica Corp.*, 601 F.2d 480, 490 (10th Cir. 1979)).

The thirty-day deadline, however, is not at issue here. The only issue is whether plaintiff deliberately concealed the amount in controversy in an attempt to delay removal. Although the Bill of Particulars does not allege a specific total amount of damages, one need not perform extensive investigation or guesswork to ascertain that the amount in controversy exceeds $75,000. In addition to alleging $50,000 in economic damages alone, the Bill of Particulars catalogues a multitude of serious and permanent physical injuries, as well as mental anguish,

6

pain, and suffering. Pls.' Mot. to Remand, Ex. A. Defendants therefore could have used the information in the Bill of Particulars to timely file a notice of removal based upon a showing, by a preponderance of the evidence, that the amount in controversy would exceed $75,000. 28 U.S.C. § 1446(c)(2)(B).

Finally, defendants suggest that plaintiffs acted in bad faith by refusing to name Cleaning Service Group as a party. In the initial complaint, plaintiffs named "John Doe Maintenance Company" as a stand-in for an anticipated maintenance company whose identity was not known at the time. Compl. Defendants later informed plaintiffs of the identity of the company, Cleaning Service Group, which has no ties to New York State. Defs. Opp'n, Ex. A. Defendants' counsel asked plaintiffs whether they planned to amend the complaint to name Cleaning Service Group as a party, and plaintiffs declined. *Id.*, Ex. B. I do not see any basis for a finding of bad faith here, as both defendants and plaintiffs were aware that Cleaning Service Group was a diverse party. Plaintiffs' refusal to amend the complaint to name the party therefore did not prevent defendants from removing the case on time.

Because defendants have failed to show that they are exempt from the one-year deadline due to bad faith on the part of plaintiffs, I grant plaintiffs' motion to remand the case to state court.

## II.     Attorney's Fees

I decline to grant plaintiffs attorney's fees. Although I am generally permitted to award such fees, 28 U.S.C. § 1447(c), I determine that such an award is not warranted here. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). The defendants had an objectively reasonable basis for

seeking removal in this case, as the parties were diverse and the amount in controversy exceeded the statutory minimum. I therefore deny plaintiffs' motion for attorney's fees.

## CONCLUSION

For the reasons discussed above, I grant plaintiffs' motion to remand and deny their motion for attorney's fees and costs.

SO ORDERED.

_____/s/_____

Allyne R. Ross

United States District Judge

Dated:        September 14, 2020

              Brooklyn, New York